1   BINGHAM MCCUTCHEN LLP
    Ella Foley Gannon (SBN 197591)
2   ella.gannon@bingham.com
    Sarah M. Barker-Ball (SBN 273402)
3   sarah.barker-ball@bingham.com
    Three Embarcadero Center
4   San Francisco, California  94111-4067
    Telephone:  415.393.2000
5   Facsimile:  415.393.2286

6   Chris Costanzo (SBN 223975)
    chris.costanzo@solarreserve.com
7   2425 Olympic Blvd., Suite 500 East
    Santa Monica, CA 90404
8   Telephone:  310.393.2200
    Facsimile:  310.393.2201

9

10  Attorneys for Defendants
    SolarReserve LLC and Rice Solar Energy,
    LLC

11

12                  UNITED STATES DISTRICT COURT

13                  CENTRAL DISTRICT OF CALIFORNIA

14

15  LA CUNA DE AZTLAN SACRED          Case No. 5:12-cv-00005-VAP-SP
    SITE PROTECTION CIRCLE
16  ADVISORY COMMITTEE, et al.,       **DEFENDANTS
                                      SOLARRESERVE, LLC AND
17          Plaintiffs,               RICE SOLAR ENERGY, LLC'S
                                      SEPARATE STATEMENT OF
18          v.                        FACTS IN OPPOSITION TO
                                      MOTION FOR SUMMARY
19  WESTERN AREA POWER                JUDGMENT**
    ADMINISTRATION, et al.,
20                                    Date:      November 26, 2012
            Defendants.              Time:      2:00 p.m.
21                                    Place:     Courtroom No. 2
                                      Judge:     Hon. Virginia A. Phillips
22

23

24

25

26

27

28
                                              Case No. 5:12-cv-00005-VAP SP

A/75141289.2

Defendants SolarReserve LLC and Rice Solar Energy, LLC ("Rice Solar")
respectfully submit this separate statement of facts in opposition to Plaintiffs'
motion for summary judgment.

| Pl.'s SUF NO. | Fact | Supporting Evidence | Def.'s Response |
|---|---|---|---|
| | **Background: Section III** | | |
| 1. | The Bureau of Land Management ("BLM") approved a Record of Decision ("ROD") in December 2011 covering a right-of-way ("ROW") grant to Rice Solar Energy LLC for approximately 150 acres of BLM administered land for the transmission of energy generated by the Rice Project, a ROW grant to Western Area Power Administration ("WAPA" or "Western"), and a land-use amendment to the California Desert Conservation Area ("CDCA") Plan. | RBAR000217 | Undisputed. |
| 2. | That same month, WAPA issued a ROD for its decision to interconnect the Rice Project to WAPA's transmission system at the existing Parker-Blythe No. 2 Transmission Line and construct, own, and operate a new substation adjacent to the transmission line. | RWAR00009 | Undisputed. |
| 3. | In March 2009, a Notice of Intent to prepare an environmental impact statement ("EIS") was published in the Federal Register. | RBAR002904-07 | Undisputed. |
| 4. | By October 2010, a draft EIS was prepared. | RBAR000849-2386 | Undisputed. |

DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE
STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
A/75141289.2

| 5. | By June 2011, a final EIS was prepared. | RBAR000613-731 | Undisputed. |
|---|---|---|---|
| 6. | Plaintiffs La Cuna and CARE filed a protest. | RBAR006847-65 | Undisputed. |
| 7. | BLM disagreed with the protest. | RBAR000508-525 | Undisputed. |
| 8. | The agencies signed a Memorandum of Understanding in early 2010. | RBAR002387-2405 | Undisputed. |
| 9. | WAPA was assigned to be the lead agency for Section 106 consultation under NHPA. | RBAR002397 | Undisputed. |
| 10. | Sometime in late 2011, BLM took over the lead for Section 106 consultation. | *See* RWAR4721 | Undisputed. |
| **Standing: Section IV** | | | |
| 11. | Plaintiff Alfredo Acosta Figueroa is an individual plaintiff in this action.  His mother was Chemehuevi and his father was Yaqui. | Figueroa Decl. ¶ 1 | For purpose of the pending motion only, Rice Solar has no reason to dispute this allegation, which is not material to the pending motion. |
| 12. | Plaintiff Figueroa lives in Blythe, California. | Figueroa Decl. ¶ 2 | Undisputed. |

DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE
STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

A/75141289.2

| | | | |
|---|---|---|---|
| 13. | Plaintiff Figueroa is also an Elder/Historian/Coordinator of the La Cuna de Aztlan Sacred Sites Protection Circle ("La Cuna") and was one of the Circle's founders. La Cuna advocates for the preservation of and respect for Native American culture, including physical sites and the protection of culturally and religiously significant plant and animal species. | Figueroa Decl. ¶ 3 | For purpose of the pending motion only, Rice Solar has no reason to dispute the statements in this compound paragraph, which are not material to the pending motion. |
| 14. | Plaintiff Figueroa is also a member of CAlifornians for Renewable Energy ("CARE"), and have been since at least August 2010. CARE is a non-profit organization formed to promote public education concerning the responsible development of renewable energy and in the preservation and respect for Native American culture. I became a member of CARE because of its involvement with solar facility projects within Southern California desert area. | Figueroa Decl. ¶ 4 | For purpose of the pending motion only, Rice Solar has no reason to dispute the statements in this compound paragraph, which are not material to the pending motion |
| 15. | Plaintiff Figueroa has been studying sacred sites along the Colorado River and elsewhere for the past 54 years.  He has personally studied the geoglyphs and sacred sites in the region, including on or near the Rice Solar Project. I am the author of the book *Ancient Footprints of the Colorado River*. | Figueroa Decl. ¶ 5 | For purpose of the pending motion only, Rice Solar has no reason to dispute the statements in this compound paragraph, which are not material to the pending motion. |

Case No. 5:12-cv-00005-VAP SP

DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

A/75141289.2

| | | | |
|---|---|---|---|
| 16. | In December 2009, Plaintiff Figueroa was designated by the director of the Chemehuevi tribe's cultural center to serve as one of the Tribal Sacred Sites Monitors who represent the tribe in educating the United States about the location and protection of sacred sites and artifacts and Chemehuevi human remains on Chemehuevi ancestral lands. His designation was done in part to ensure that the tribe would have a sufficient number of contacts with the United States when it came time to consult on issues of importance of the tribe. | Figueroa Decl. ¶ 6 | This paragraph is compound. Rice Solar disputes any suggestion made by these statements that Plaintiff Figueroa was designated as a tribal representative for NHPA consultation purposes on the grounds that there is no evidence exists in the administrative record to support this statement. For purpose of the pending motion only, Rice Solar has no reason to dispute the remaining statements in this compound paragraph, which are not material to the pending motion. |

Case No. 5:12-cv-00005-VAP SP
DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE
STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

A/75141289.2

| 17. | Plaintiff Figueroa is not the only Tribal Sacred Sites Monitor for the Chemehuevi tribe. The practice among Tribal Sacred Sites Monitors has been to notify the other Monitors whenever consultations have been initiated by the United States government. | Figueroa Decl. ¶ 7 | This paragraph is compound. Rice Solar disputes any suggestion made by these statements that Plaintiff Figueroa was designated as a tribal representative for NHPA consultation purposes on the grounds that there is no evidence exists in the administrative record to support this statement. For purpose of the pending motion only, Rice Solar has no reason to dispute the remaining statements in this compound paragraph, which are not material to the pending motion. |

DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE
STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

A/75141289.2

| | 18. | For thousands of years, the Chemehuevi people have traditionally occupied, traveled, traded, and utilized resources within a broad geographical area located primarily within the desert lands of modern-day Southern California and Arizona. The traditions of visiting the sacred sites and engaging in ceremonies on the land express the history and tradition of our people. The Chemehuevi legacy is deeply etched across the face of the land. | Figueroa Decl. ¶ 8 | This paragraph is compound and sets forth matters of opinion and purported expert testimony that are not supported by competent testimony under Fed R. Evid. 701 and 702.  Rice Solar further contends that the statements are not material to the pending motion. |

DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE
STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

A/75141289.2

| | | | |
|---|---|---|---|
| 19. | The Rice Project is approximately 5 miles west of the Arica Mountains, which are the center of the base of the Tamoanchan Pyramid image. The base of the Tamoanchan is formed by the Whipple Mountains which are located northeast of the Arica Mountains, Old Woman Mountain which forms the northwest corner, Eagle Mountain which forms the southwest corner, and a place within the Palo Verde Valley by Blythe, California forms the southeast corner. | Figueroa Decl. ¶ 9 | This paragraph is compound. The statement "[t]he Rice Project is approximately 5 miles west of the Arica Mountains" is disputed on the grounds that the Rice Solar Project is located to the east of the Arica Mountains. *See* RBAR002676. However, this fact is not material to the pending motion. The remainder of the paragraph sets forth matters of opinion and purported expert testimony that are not supported by competent testimony under Fed R. Evid. 701 and 702. Rice Solar further contends that the statements are not material to the pending motion. |

8

A/75141289.2

| | | | |
|---|---|---|---|
| 20. | The Arica Mountain's "Nahualli" is the "Horney Toad," which is one of the most sacred animal images for all the Colorado River Tribes. When seeing the Arica Mountains from the east, the image of the mountain resembles a Horney Toad facing south. | Figueroa Decl. ¶ 10 | This paragraph is compound and sets forth matters of opinion and purported expert testimony that are not supported by competent testimony under Fed R. Evid. 701 and 702.  Rice Solar further contends that the statements are not material to the pending motion. |
| 21. | Plaintiff Figueroa was never consulted regarding the Rice Project even though he submitted a comment letter to the Western Area Power Administration where he explained his background and pointed out some cultural resource impacts that the Rice Project would have. | Figueroa Decl. ¶ 11 | This paragraph is compound.  Undisputed that Plaintiff Figueroa was not consulted regarding the Project.  Disputed that Plaintiff Figueroa's comment letter to WAPA "pointed out some cultural resource impacts that the Rice Project would have" on the grounds that his comment letter did not specify any cultural resource impacts. *See* RBAR000782-83. |

Case No. 5:12-cv-00005-VAP SP

DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE
STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

A/75141289.2

| | 22. | The cultural heritage, including the land and language, of Native American tribal people has been systematically attacked at the hands of United States government policies over the past 150 years. Since the Treaty of Guadalupe Hidalgo of 1848, our native aboriginal lands have been reduced to the current small reservation. The Native American languages have been lost in large part due to attempts by the federal government to stop people from speaking the language. For example, at the Indian boarding schools, children have been prohibited from speaking indigenous languages. Because so much has been lost, our cultural survival now depends on what remains on the ground, on the ancestral lands where the Projects will be built. Cultural sites allow for the revival of languages through stories and songs explaining the features, land, and practices of traditional ceremonies including spiritual runs and the singing of Salt Songs. | Figueroa Decl. ¶ 12 | This paragraph is compound.  To the extent this paragraph contains conclusions, rather than facts, Rice Solar need not respond.  To the extent this paragraph contains facts, for purpose of the pending motion only, Rice Solar has no reason to dispute the statements which are not material to the pending motion. |

Case No. 5:12-cv-00005-VAP SP
DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE
STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

A/75141289.2

| | | | |
|---|---|---|---|
| 23. | While artifacts and features are important in and of themselves, it is the location of the artifacts or features in their environment that serve as the strongest links to our past.  Thus, harm to the encompassing surrounding areas is tantamount to direct harm to the artifacts and features themselves. | Figueroa Decl. ¶ 13 | This paragraph is compound and contains conclusions rather than facts. |
| 24. | La Cuna and others have been actively working with the federal government to protect sacred sites.  In 2008, La Cuna and others executed a Memorandum of Understanding with the Bureau of Land Management, Yuma Arizona Field Office to "physically protect the Blythe Giant Intaglios, other geoglyphs and several hundred sacred sites that are located along the Colorado River from Needles, California to Yuma, Arizona." Geoglyphs are images created on the surface of the earth. These large land features are part of a culturally complex present in the broader region that tell the story of the creation of the world.  The Creation Story is based on the Uto-Aztecan Borgia Codex. Most of the geoglyphs are located along the Colorado River. | Figueroa Decl. ¶ 14 | Undisputed that La Cuna executed a Memorandum of Understanding with the Yuma Arizona Field Office of BLM.  However, this fact is not material to the pending motion. |

DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

A/75141289.2

| | | | |
|---|---|---|---|
| 25. | Unfortunately, there are cultural and sacred sites that have been ignored by the Bureau of Land Management during the drafting of the environmental-review documents for the Rice Project. As a large-scale commercial solar facility, the Project directly and indirectly threaten to destroy the sacred sites and traditions of our Native peoples. | Figueroa Decl. ¶ 15 | This paragraph is compound. The statement that "there are cultural and sacred sites that have been ignored … ." is disputed on the grounds that there is no evidence in the record of cultural and sacred sites that will be affected by the Project. The statement that the Project is "a large-sale commercial solar facility" is undisputed. Rice Solar contends that the statement "the Project directly and indirectly threaten to destroy the sacred sites and traditions of our Native peoples" is a conclusion and not a fact, and is nevertheless disputed on the grounds that there is no evidence in the record that any sacred site or tradition will be impacted by the Rice Solar Project. |

Case No. 5:12-cv-00005-VAP SP
DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE
STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

A/75141289.2

| 26. | Not only are the cultural sites directly impacted, but it is important to note that part of the significance of the sites is how they connect and relate to one another. The sites, both on and off the project site, together tell the Creation Story. | Figueroa Decl. ¶ 16 | This paragraph is compound.  The statement that "cultural sites [are] directly impacted" is undisputed only with regard to Rice Army Airfield (*see* RWAR02121), but is otherwise disputed on the grounds that there is no evidence in the record that any Native American cultural resources will be directly impacted by the Project.  The statement "it is important to note that part of the significance of the sites is how they connect and relate to one another" is a conclusion and not a fact.  Rice Solar disputes that "[t]he sites, both on and off the project site, together tell the Creation Story," on the grounds that there is no evidence in the record that any Native American cultural resources exist on the project site. |

Case No. 5:12-cv-00005-VAP SP
DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE
STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

A/75141289.2

| | | | |
|---|---|---|---|
| 27. | Physical grading at the project site will destroy hundreds of culturally significant sites, artifacts, and remains of the Chemehuevi and other Native American tribes--none of which can be repaired, replaced, or re-created.  The destruction will prevent me, my family, and others of Chemehuevi descent from participating in sacred ceremonial rituals. | Figueroa Decl. ¶ 17 | This paragraph is compound.  The statements are disputed on the grounds that there is no evidence in the administrative record that any culturally significant sites, artifacts, and remains of the Chemehuevi and other Native American tribes exist on the Project site or will be destroyed by physical grading. |
| 28. | Plaintiff Van Fleet is an individual plaintiff in this action. He is also a member of the La Cuna de Aztlan Sacred Sites Protection Circle ("La Cuna"). La Cuna advocates for the preservation of and respect for Native American culture, including physical sites and the protection of culturally and religiously significant plant and animal species. | Van Fleet ¶ 1 | For purpose of the pending motion only, Rice Solar has no reason to dispute the statements in this compound paragraph, which are not material to the pending motion. |
| 29. | Plaintiff Van Fleet is a member and descendent of the Fort Mojave Indian Tribe. | Van Fleet ¶ 2 | For purpose of the pending motion only, Rice Solar has no reason to dispute this allegation, which is not material to the pending motion. |

Case No. 5:12-cv-00005-VAP SP

DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE
STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

A/75141289.2

| | | | |
|---|---|---|---|
| 30. | Plaintiff Van Fleet am a Bureau of Land Management-recognized tribal monitor.  In other proceedings, the Bureau of Land Management has contacted me to conduct government - t o - government consultation with the Fort Mojave Indian Tribe and as a tribal elder with knowledge of cultural and religious issues. | Van Fleet ¶ 3 | For purpose of the pending motion only, Rice Solar has no reason to dispute the allegations in this compound paragraph, which are not material to the pending motion. |
| 31. | In 1991, he was appointed as the tribal spokesperson on environmental issues.  He has been studying sacred sites in the desert and particularly along the Colorado River for my entire life. | Van Fleet ¶ 4 | For purpose of the pending motion only, Rice Solar has no reason to dispute the allegations in this compound paragraph, which are not material to the pending motion. |
| 32. | Plaintiff Van Fleet lives in Needles, California. | Van Fleet ¶ 5 | Undisputed. |
| 33. | His knowledge of sacred sites has been passed down by his elders through the practice of the ceremonies and retelling of ancient stories at sacred locations. | Van Fleet ¶ 6 | For purpose of the pending motion only, Rice Solar has no reason to dispute the allegations in this compound paragraph, which are not material to the pending motion. |

Case No. 5:12-cv-00005-VAP SP

DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

A/75141289.2

| 34. | Plaintiff Van Fleet regularly visits the site where the Rice Solar Project is being constructed. He visits the area of the Rice Solar Project multiple times a year. Not only does he visit the site for his own personal religious fulfillment, but, as a tribal elder, I feel an obligation to protect certain sacred locations. Depriving him of access to the site not only deprives him of his ability to perform certain rituals that are important to his own spiritual journey, but it prevents him from being able to pray for the land, animals and spirits at the location the way his beliefs require of him. The rituals that are performed at this site cannot be meaningfully replicated in accordance with my traditional and religious values at any other location. | Van Fleet ¶ 7 | This paragraph is compound. The statements that "Plaintiff Van Fleet regularly visits the site where the Rice Solar Project is being constructed" and that "[h]e visits the area of the Rice Solar Project multiple times a year" are not clear regarding whether they refer to the public land or private land portions of the Project site. To the extent they refer to the private land portion of the Project site, they are disputed on the grounds that the private parcel is not available for public access. *See* RWAR01500. |

16   Case No. 5:12-cv-00005-VAP SP

| 35. | Plaintiff Van Fleet is a tribally designated representative for the Fort Mojave Indian Tribe and was at all times since the Rice Project's approval process began. He was not consulted as a tribal elder, as a representative of the Fort Mojave Indian Tribe, or as a knowledgeable person with respect to the Rice Project by the Western Area Power Administration or the Bureau of Land Management. | Van Fleet ¶ 8 | This paragraph is compound. The statement that "Plaintiff Van Fleet is a tribally designated representative for the Fort Mojave Indian Tribe . . ." is disputed on the grounds that Ms. Linda Otero was the representative designated by Fort Mojave for purposes of NHPA consultation. *See* RBAR004841. The statement that "[h]e was not consulted . . ." is undisputed. For purposes of this motion only, Rice Solar has no reason to dispute the allegations that Mr. Van Fleet is "a tribal elder" or "a knowledgeable person with the respect to the Rice Project," but contends that these statements are not material to the pending motion. |

Case No. 5:12-cv-00005-VAP SP

A/75141289.2

| **Argument and Analysis: Section V** | | | |
|---|---|---|---|
| 36. | The draft EIS indicates that Steve Tromly of WAPA first corresponded with Native Americans by letters dated January 26, 2010. | RBAR001426 | Undisputed. |
| 37. | The administrative record does not contain any evidence that letters initiating consultation were sent on January 26, 2010. | | Undisputed. |
| 38. | The draft EIS then states that a project status update was sent on June 30, 2010. | RBAR001426 | Undisputed. |
| 39. | The administrative record does not contain any evidence that a project status update was sent on June 30, 2010. | | Undisputed. |
| 40. | Then the draft EIS states that on April 8, 2010, there was a tribal meeting and site visit with representatives from the Fort Mojave Indian Tribe, Fort Yuman-Quechan, and Twenty-Nine Palms Band of Mission Indians. | RBAR001426 | Undisputed. |

Case No. 5:12-cv-00005-VAP SP

DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

A/75141289.2

| | | | |
|---|---|---|---|
| 41. | The notes from the April 2010 meeting show that individuals identifying themselves as being from the Fort Mojave Indian Tribe and Twenty-Nine Palms Band of Mission Indians were present; there is no evidence that anyone from Fort Yuman-Quechan was there. | RBAR004823-24 | Disputed on the grounds that the notes from the April 2010 meeting indicated that someone named "Bridget" participated by phone. *See* RBAR004823, RBAR004824. The referenced individual was Bridget Nash, the Quechan Tribe Historic Preservation Officer, and her participation in the meeting was documented in subsequent correspondence. RWAR04662, RBAR000770. |
| 42. | In response to the draft EIS, the Environmental Protection Agency ("EPA") indicated that Tribes had expressed concerns regarding large scale solar projects, but EPA was under the impression that more contact had been establish than was reflected in the draft. | RBAR000765 | Undisputed. |

DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

A/75141289.2

| | | | |
|---|---|---|---|
| 43. | Quechan commented that it had not been consulted as the draft EIS indicated. | RBAR00770 | Disputed on the grounds that Plaintiffs mischaracterize the referenced comment.  On behalf of the Quechan Tribe, Ms. Nash commented that although she had received some information regarding the Project and participated in the April 2010 tribal meeting, the tribe had "not received a copy of the cultural resources report nor had any further discussion regarding updates or information from WAPA, BLM, or CEC." RBAR00770. |

DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE
STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

A/75141289.2

| | | | |
|---|---|---|---|
| 44. | WAPA added Appendix B to the final EIS, which modified its story on consultation. Appendix B indicated that on March 1, 2010, initial information was provided. Then in April 2010, three tribes participated in a meeting. (As indicated in the previous paragraph, there is no evidence that three tribes participated in a meeting in April 2010). The final EIS states that on February 25, 2011, a Class III archeological inventory was provided, but Quechan was the only tribe to ask for more information after that. Finally, the final EIS indicates that a member of the Quechan tribe went on a site visit in April 2011. | RBAR000837 | This paragraph is compound. The statement that "WAPA added Appendix B to the final EIS, which modified its story on consultation" is undisputed, insofar as Appendix B was a correction to and expansion of the description of consultation in the Draft EIS. *See* RBAR000723. The statement that "there is no evidence that three tribes participated in April 2010" is disputed on the grounds that members from Quechan, Fort Mojave and 29 Palms participated in the meeting. RBAR004823. The remaining statements are undisputed. |
| 45. | George E. Kline from BLM warned that what WAPA was doing might not constitute government-to government consultation if the tribal council and/or chair is not present at the meeting. | RWAR04536 & RWAR04534 | Undisputed. |

DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE
STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

A/75141289.2

| | | | |
|---|---|---|---|
| 46. | BLM was recently told that its consultation efforts were inadequate in *Quechan Tribe of the Fort Yuma Indian Reservation v. United States Department of the Interior*, Order Granting Preliminary Injunction, Southern District of California case number 10cv2241-LAB(CAB). | | For purpose of the pending motion only, Rice Solar has no reason to dispute this allegation, which is not material to the pending motion. |
| 47. | The person that WAPA had been consulting with from Quechan was not a designated representative for government-to-government consultation. BLM warned that government - t o - government consultation must be between a person who can obligate the tribe and a person who can obligate the federal government. | RWAR04536. | Undisputed. |

DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE
STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

A/75141289.2

| | 48. | The Fort Mojave Indian Tribe was compelled to write to President Obama to express concern about the "government's failure to exercise its trust responsibilities towards [the Colorado River tribes], indicated by the low level and quality of federal consultation undertaken with tribes. . . ." The tribe wrote: "Currently, several large-scaled solar projects like Imperial Valley Solar, Ivanpah Solar, Calico Solar, Genesis Solar, Rice Solar and Solar Millennium have achieved or are close to achieving federal approval under the National Environmental Policy Act and the National Historic Preservation Act.  From our tribal perspective, it is very unclear how such a feat was accomplished, but it involved no serious consultation with tribes. . . ." The letter expressed the frustration that they are "not being asked to consult in a way that might influence a decision" but merely as a formality for the administrative record. | RWAR04644, RWAR0 464 6 , RWAR04647 49 | Undisputed that the Fort Mojave Indian Tribe wrote to President Obama. Rice Solar has no knowledge of whether the tribe was "compelled" to do so. |

DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE
STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

A/75141289.2

| 49. | In January 2010, Linda Ortero expressed concern that the Fort Mojave Indian Tribe had no opportunity to fully participate in environmental review for the Rice Project. | RWAR04701 | Disputed on the grounds that the Plaintiffs have mischaracterized the record.  In January 2010, Ms. Otero expressed to Rice Solar's consultant her concerns that the tribe have an opportunity [i.e. going forward] to participate fully in the review process for the Rice Solar Project. *See* RWAR04701. |
| --- | --- | --- | --- |
| 50. | While Ms. Ortero was contacted, there is no evidence in the record that the Fort Mojave Indian Tribe was contacted or that Ms. Ortero was a designated tribal representative. | | Disputed on the grounds that Ms. Linda Otero was the representative designated by Fort Mojave for purposes of NHPA consultation. *See* RBAR004841. |
| 51. | In early 2011 (after the draft EIS was out in October 2010 and the comment period was over), WAPA informed Ms. Ortero that WAPA would request consultation with her and council. | RWAR04628 | Undisputed. |
| 52. | WAPA knew that it should arrange a "CONSULTATION" meeting with the Fort Mojave Indian Tribe. | RWAR04632 | Undisputed. |

DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE
STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

A/75141289.2

| | | | |
|---|---|---|---|
| 53. | In February 2011, however, WAPA only sent the letter to Ms. Ortero.  When Ms. Ortero was not responding to phone calls, WAPA recognized that it would probably be a good idea to send a letter to the tribal council.  There is no follow-up letter in the record. | RWAR04506 | This paragraph is compound.  The statement that "[i]n February 2011, however, WAPA only sent the letter to Ms. Ortero" is undisputed.  It is further undisputed that one WAPA staff member said in an email "I think it would be good to draft a letter to Tribal Council for Rice as a follow up to my calls."  *See* RWAR04506.  The remaining statement is undisputed. |
| 54. | BLM's ROD states: "Consistent with its responsibilities under Section 106, the BLM consults with Indian tribes to identify, evaluate, and resolve adverse effects on cultural resources affected by BLM undertakings.  The BLM initiated consultation for the [Rice Solar Energy Project] under Section 106 of the NHPA, and the requisite process has been complete." | RBAR000231 | Undisputed. |

Case No. 5:12-cv-00005-VAP SP

DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

A/75141289.2

| | | | |
|---|---|---|---|
| 55. | Despite warning WAPA to pursue genuine consultation efforts, the record is devoid of any evidence that BLM did a better job than WAPA.  BLM may have sent out a letter, but the record does not demonstrate the give-and-take, face-to-face meetings, and follow-up that consultation entails. | RBAR04486-4519 | This paragraph is compound, and contains conclusions rather than facts. |
| 56. | In January 2011, Alfredo A. Figueroa, on behalf of Plaintiff La Cuna, contacted WAPA to express concern over the Rice Project and other solar projects in the area.  He specifically expressed concern about the construction for the Rice Solar Plant because the project would affect an area with cultural and religious significance. | RWAR04636-37 | Undisputed. |
| 57. | There is no evidence that WAPA ever contacted Mr. Figueroa or La Cuna to consult and inquire into potential cultural or religious impacts of the Project. | | Undisputed. |
| 58. | The draft EIS indicates that ceramic scatters, a geoglyph, lithic scatters, and prehistoric trail segments are within the Area of Potential Effects. | RBAR001429 | Undisputed. |
| 59. | The draft EIS further determines that the eligible resources subject to direct project impacts include prehistoric trails, lithic scatters, and a geoglyph. | RBAR001442 | Undisputed. |

Case No. 5:12-cv-00005-VAP SP
DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE
STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
A/75141289.2

| 60. | In response to concerns raised by the Quechan Tribe, the final EIS states: "The prehistoric trails identified in the SA/DEIS as being within the Project's Area of Potential Effects are located in an area that is no longer part of the Project." | RBAR000771 | Undisputed that the the final EIS states: "The prehistoric trails identified in the SA/DEIS as being within the Project's Area of Potential Effects are located in an area that is no longer part of the Project." Disputed that this statement was "[i]n response to concerns raised by the Quechan Tribe on the grounds that the federal defendants changed the Project scope because the fiber optic telecommunications table on the Parker-Blythe Line was no longer required for the Project's design. RBAR000240 |

27

DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE
STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

A/75141289.2

| | | | |
|---|---|---|---|
| 61. | George E. Kline, Archaeologist M.A., R.P.A., raised the concern specifically with the transmission line. He said: Regarding the Cultural surveys that were performed on the Rice project, specifically the transmission line corridor, **I remain uncomfortable with the assessment that there were no cultural resources identified along 10 miles of BLM/public land**. Back in March I raised my concerns and pointed out that potential historic roads seem to cross the corridor that I could see from Google Earth – whilst sitting at my desk. Yesterday I received a single site report from CH2MHill recording a historic road that crosses the corridor**. I remain skeptical that NO (other) isolates, features, or sites were found – prehistoric or historic**. Even though this area is considered to be a lower degree of potential cultural sensitivity, I question its apparent stelility [*sic*; should be "sterility"?]. **I would like to see the same attention afforded to Cultural Resources that the other solar projects have been given**. The Blythe, Genesis, and Palen projects have had secondary and tertiary field verification studies conducted after the Class III pedestrian surveys, and in all three cases, discrepancies were evident, and corrections to the report and site forms were done. | RBAR005928 | Undisputed. |

DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

A/75141289.2

| | | | |
|---|---|---|---|
| 62. | The EIS does not reflect additional verification studies. | | Disputed on the grounds that additional verification studies were conducted, in which no evidence of prehistoric sites or resources were found. RBAR005891. |
| 63. | The final EIS indicates that "an ethnographic study has not been conducted." Instead, the final EIS states that "Western and BLM conducted field visits with several tribes, none of whom indicated that there are any tribal cultural properties, including tribal trails on the Project site." | RBAR000771 | Undisputed. |
| 64. | The Fort Mojave Indian Tribe noted in the letter to President Obama that "[t]he proposed development of hundreds of thousands of acres of federal land containing the most precious cultural and extraordinarily spiritual places of the lower Colorado River desert will be obliterated in unprecedented magnitude." The letter noted that "several large-scaled solar projects like Imperial Valley Solar, Ivanpah Solar, Calico Solar, Genesis Solar, Rice Solar and Solar Millennium" were all close to achieving federal approval in the region. | RWAR04645, RWAR04646 | Undisputed. |

DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

A/75141289.2

| | | | |
|---|---|---|---|
| 65. | The Quechan Indian Tribe noted similar concerns when commenting on the programmatic EIS in progress for the six southwestern states. | RBAR004844-46 | Undisputed. |
| 66. | Imperial Valley Solar, Ivanpah Solar, Calico Solar, Genesis Solar, Rice Solar and Solar Millennium" in the region. | RWAR04646 | This statement lacks a verb and its meaning is unclear. |
| 67. | The Imperial Valley Solar Project obtained a Record of Decision in October 2010. | RBAR006862 | Undisputed. |
| 68. | There is no mention of it in the EIS, however, even though it was within range to be considered for an alternative site. | *See* RBAR000943 | Undisputed that the Imperial Valley Solar Project Record of Decision was not mentioned in the Rice Solar Project EIS.   The statement that "it was within range to be considered for an alternative site" is a conclusion and not a fact. |
| 69. | The Ivanpah Solar Electric Generating System Project Record of Decision was finalized in October 2010. | RBAR006862 | Undisputed. |

DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE
STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
A/75141289.2

| | | | |
|---|---|---|---|
| 70. | There is no mention of if in the analysis even though testimony from that proceeding was relevant enough to be addressed in the EIS and the project was a useful comparison for efficiency. | RBAR000961 & RBAR002196 | Undisputed that the Ivanpah Solar Electric Project Record of Decision was not mentioned in the Rice Solar Project EIS. The statement that the Record of Decision "was a useful comparison for efficiency" is a conclusion and not a fact. Rice Solar does not dispute that the Draft EIS discussed the Ivanpah Solar Electric Project when analyzing Project efficiency. *See* RWAR02839-841. |
| 71. | The Calico Solar Project Record of Decision was finished in October 2010. | RBAR006862 | Undisputed. |

DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE
STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

A/75141289.2

| 72. | There is no mention of it in the cumulative analysis even though artifacts found in Calico were useful for understanding the history of this site and even though the project proved a useful comparison for efficiency and a useful comparison for socio-economics. | RBAR001395, RBAR002196, RBAR001795 | Undisputed that the Calico Solar Project Record of Decision was not mentioned in the Rice Solar Project EIS.  The statement that the Record of Decision "was a useful comparison for efficiency and . . . socio-economics" is a conclusion or a matter of opinion, and not a fact.  Rice Solar does not dispute that the Draft EIS discussed the Calico Solar Project when analyzing Project efficiency. *See* RWAR02839-841. |

DATED:  September 6, 2012

Bingham McCutchen LLP


By:____/s/ Ella Foley Gannon_____
Ella Foley Gannon
ella.gannon@bingham.com
Attorneys for Defendants
SolarReserve LLC and Rice Solar
Energy, LLC

Case No. 5:12-cv-00005-VAP SP
DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE
STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
A/75141289.2

1   CERTIFICATE OF SERVICE

2

3       I, Ella Foley Gannon, hereby certify that, on September 6, 2012, I

4   caused the foregoing to be served upon counsel of record through the Court's

5   electronic service system.

6       I declare under penalty of perjury that the foregoing is true and

7   correct.

8

Dated:  September 6, 2012                    /s/ Ella Foley Gannon

9                                            Ella Foley Gannon

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS SOLARRESERVE, LLC AND RICE SOLAR ENERGY, LLC'S SEPARATE
STATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
A/75141289.2